UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROOSEVELT FLETCHER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  4:06CV1055 CEJ |
| ) | (TIA) |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner Roosevelt Fletcher Jr.'s pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Presently pending before the Court is Petitioner's Request to Amend and/or Supplement his Traverse (Docket No. 21).  All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On November 15, 2002, Petitioner was convicted by a jury in the Circuit Court of St. Louis County, Missouri, of one count of murder in the first degree and one count of armed criminal action. (Resp. Exh. B at 45-46).  On December 20, 2002, the circuit court sentenced Petitioner as a prior and persistent offender to two consecutive terms of life imprisonment without parole.  (Resp. Exh. B at 51-53).  Petitioner appealed the judgment, and on December 16, 2003, Petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals.  (Resp. Exh. E; State v. Fletcher, 122 S.W.3d 710 (Mo. Ct. App. 2003)).  On April 19, 2004, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15.  (Resp. Exh. F at 3-25).  On July 27, 2004, Petitioner's appointed counsel filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. (Resp. Exh. F at 30-66).  The post-

conviction relief court denied Petitioner's post-conviction motion without an evidentiary hearing on September 14, 2004. (Resp. Exh. F at 68-81). On August 30, 2005, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief. (Resp. Exh. I; Fletcher v. State, 173 S.W.3d 352 (Mo. Ct. App. 2005)). On October 11, 2005, the Missouri Court of Appeals denied Petitioner's Motion for Rehearing and/or Transfer to the Missouri Supreme Court. (Fletcher, 173 S.W.3d at 352). Petitioner pursued no other action for review of his convictions and sentence in state court. The instant petition for writ of habeas corpus, signed by Petitioner on June 21, 2006, and received by this Court on July 13, 2006, was filed July 13, 2006, upon Petitioner being granted leave to proceed in this cause in forma pauperis.

Petitioner seeks leave to supplement and/or amend the Traverse "to clarify the contours of the issues for determination to be had/made upon the merits." Petitioner's Request to Amend and/or Supplement his Traverse (Docket No. 21).[1] Petitioner contends that he is missing portions of the trial transcript, in relevant part the closing arguments of counsel, and the index of contents from the post-conviction court's Legal File and other unidentified portions of the Legal File. A review of

---

[1] On February 5, 2007, Petitioner filed a Motion in which he requested leave to amend his pending habeas petition by adding "two (2) claims that have been newly discovered or have been inadvertently omitted from his original petition for habeas relief which have been presented to the state court." Petitioner's Motion for Leave to Amend Petition for Habeas Corpus Pursuant to Federal Rules of Civil Procedure Rule 15(a) at p. 2 (Docket No. 12/filed February 5, 2007). In his proposed amended petition, Petitioner requested to raise two additional claims: (1) the trial court erred in sustaining the State's objection to Petitioner's offer of proof regarding the initial identification of another individual; and (2) the trial court erred in overruling his request for a mistrial after a State's witness testified that Petitioner's letter to him was signed with Petitioner's gangland signature. On May 25, 2007, the undersigned denied the motion to the extent Petitioner sought to raise two new claims of trial court error in certain rulings. See Mayle v. Felix, 545 U.S. 644, 648 (2005) (holding that an amended habeas petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth").

Petitioner's original petition shows Petitioner to have raised four grounds for relief, claims challenging the effectiveness of trial counsel and a claim challenging the sufficiency of the evidence. With his response to the claims raised in Petitioner's petition, Respondent submitted the record developed through the relevant state court proceedings. Respondent has not responded to the instant motion.

To be considered timely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is required to file any petition for writ of habeas corpus within one year after the conclusion of direct review in state court, with such time being tolled during the pendency of a post-conviction motion or other application for collateral relief in state court. 28 U.S.C. § 2244(d)(1)(A), (2). Petitioner's original petition was filed prior to the expiration of this one-year period with tolling, and thus was timely filed under the AEDPA.

Any amendments to a timely filed habeas petition are required to be filed within the AEDPA's one-year limitations period as well. See United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999); cf. McKay v. Purkett, 255 F.3d 660 (8th Cir. 2001) (applying Craycraft analysis to proposed amendments to habeas petition filed under § 2254). Proposed amendments submitted beyond this one-year period may be considered and determined by the Court only if the amendments "relate back" to the claims raised in the timely filed original petition. Craycraft, 167 F.3d at 456-57; McKay, 255 F.3d at 661. To relate back, the claims raised in the proposed amendment must have arisen out of the same conduct, transaction or occurrence from which the original claims arose. Craycraft, 167 F.3d at 457 (citing Fed. R. Civ. P. 15(c)(2)); McKay, 255 F.3d at 661.

Because Petitioner asserted claims of insufficiency of the evidence and ineffective assistance of counsel in his instant petition, any proposed amendment regarding deficiencies in closing argument

would be submitted to the Court beyond the one-year period, and they would not "relate back" to the claims raised in the timely filed original petition. Accordingly, Petitioner's Request to Amend and/or Supplement his Traverse (Docket No. 21) should be denied to the extent Petitioner seeks to raise a new claim. See Mayle v. Felix, 545 U.S. 644, 648 (2005) (holding that an amended habeas petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth").

Upon review of the record, it appears at this time that the materials and exhibits entered into the record are sufficient to determine the merits of Petitioner's claims. Inasmuch as the petition is devoid of any claim regarding deficiencies in closing arguments, his request for a copy of the closing arguments should be denied. Petitioner further requests a copy of the index from the Legal File and unidentified missing portions of the legal file. (Resp. Exh. F). The undersigned will attach a copy of the index to the instant Order.

**IT IS HEREBY ORDERED** that Petitioner's Supplemental Motion for Leave to Amend Petitioner's Petition for Habeas Corpus (Docket No. 13) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide to Petitioner a copy of the index from the Legal File (Resp. Exh. F).

Dated this   13th   day of November, 2008.

                                        /s/ Terry I. Adelman
                                        UNITED STATES MAGISTRATE JUDGE